# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDMON GASAWAY, | : | |
| | : | |
| Plaintiff | : | Civil No. 1:11-CV-2386 |
| | : | |
| v. | : | (Judge Jones) |
| | : | |
| WARDEN FCI ALLENWOOD, et al., | : | (Magistrate Judge Carlson) |
| | : | |
| Defendants | : | |

## MEMORANDUM ORDER

**I.   INTRODUCTION**

In this action, Plaintiff Edmon Gasaway, a federal inmate presently incarcerated at the Federal Correctional Institution in Ray Brook, New York, has brought <u>Bivens</u>[1] claims and claims under the Federal Tort Claims Act, 28 U.S.C. §§ 2671, et seq. ("FTCA"), against the Warden of the Federal Correctional Institution at Allenwood, Pennsylvania, along with other unnamed Defendants, alleging that the Defendants took certain tax documents from Gasaway's prison cell in March 2010, while he was engaged in ongoing administrative proceedings with the Internal Revenue Service. Gasaway contends that the Defendants have continued to withhold his tax papers, and are thereby prejudicing his proceedings with the IRS.

---

[1] <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971).

When Gasaway commenced this action, he did not pay the required $350 filing fee. Instead, he moved the Court for leave to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915, claiming that he lacked the resources to pay the filing fee or to serve the complaint upon the Defendants. On March 7, 2012, the Court entered an order granting Gasaway leave to proceed *in forma pauperis*, and directing service of the complaint. (Doc. 12)

Now pending before the Court is Defendants' motion to revoke Plaintiff's *in forma pauperis* status pursuant to 28 U.S.C. § 1915(g). In support of their motion, Defendants assert that Gasaway has filed at least three civil actions that were dismissed by courts as frivolous, or otherwise for failure to state a claim, and as a result he has now forfeited his right to bring suit in federal court *in forma pauperis*, and he should be required to pay the filing fee before this litigation can proceed.

We have considered the motion, and have reviewed the cases that Defendants have identified as support for their assertion that Gasaway has "three strikes" against him as a Plaintiff proceeding *in forma pauperis*. Upon consideration, we find that Defendants have only demonstrated that two of Gasaway's federal actions were dismissed as frivolous, or for failure to state a claim, before Gasaway initiated the instant action on December 28, 2011. We note that *after* Gasaway filed the lawsuit pending before this Court, other district courts have issued orders dismissing other

actions that Gasaway brought in the Northern District of New York for failure to state a claim. As explained briefly below, for purposes of adjudicating the pending motion, we are obliged to consider only those "strikes" that Defendants establish Gasaway had accumulated as of the date he commenced the instant action. Because Defendants have established that Gasaway had only two "strikes" at that time, we find that the motion to revoke Gasaway's *in forma pauperis* status should be denied at this time, without prejudice to Defendants' filing a new motion to revoke if they determine that prior to initiating this lawsuit, Gasaway had had three or more lawsuits dismissed as frivolous or for failure to state a claim.

**II.   DISCUSSION**

Defendants argue that the Court should revoke Gasaway's *in forma pauperis* status under 28 U.S.C. § 1915(g), because he has at least three merits-based dismissals of other actions that Gasaway previously filed.

Section 1915(g) of the Title 28 of the United States Code provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

3

28 U.S.C. § 1915(g). The purpose of this "three strikes" provision was to restrain inmate abuses of the court system, and to deter the filing of multiple frivolous lawsuits by inmates. See Abdul-Akbar v. McKelvie, 239 F.3d 307, 318 (3d Cir. 2001) ("[T]he legislation was aimed at the skyrocketing numbers of claims filed by prisoners – many of which are emotionally driven but legally deficient – and the corresponding burden those filings have placed on the federal courts."). The legislation was thus intended to serve "as a rational deterrent mechanism, forcing potential prisoner litigants to examine whether their filings have any merit before they are filed, and disqualifying frequent fliers who have failed in the past to carefully evaluate their claims prior to filing." Id. Notably, "the bar imposed by this provision does not preclude an inmate from bringing additional suits. It does, however, deny him or her the right to obtain *in forma pauperis* status." Gibbs v. Cross, 160 F.3d 962, 965 (3d Cir. 1998).

Importantly for purposes of this case, "[b]y its terms, § 1915(g) governs only the circumstances under which a prisoner may 'bring' a civil action *in forma pauperis*, which means that its impact must be assessed at the time a prisoner files his or her complaint." Lopez v. U.S. Dep't of Justice, 228 F. App'x 218 (3d Cir. 2007) (citing Abdul-Akbar, 239 F.3d at 313 and Gibbs v. Ryan, 160 F.3d 160, 162-63 (3d Cir. 1998)). Accordingly, "only the strikes earned up to that time are relevant." Id.

The statute thus does not permit courts to revoke a plaintiff's *in forma pauperis* status if a prisoner earns a third strike after bringing the lawsuit in which the *in forma pauperis* status is granted and challenged.  Id.  See also Gibbs, 160 F.3d at 163 (observing that Congress "limited the 'three strikes' provision to an inmate's ability to 'bring' an action.  Congress could have tied the 'three strikes' bar to an inmate's ability to *maintain* an action.  It did not do so.") (original emphasis).

Applying the foregoing principles to the instant case, and assessing them against the evidence Defendants have offered to support their assertion that Gasaway's *in forma pauperis* status should be revoked, it is clear that the motion must be denied at this time.  Defendants argue that the Court should find the three-strikes rule in Section 1915(g) to be applicable because Gasaway has had a least three other lawsuits dismissed as frivolous or for failure to state a claim.  But in support of their motion, Defendants cite to only two instances where federal district courts dismissed lawsuits Gasaway filed on the grounds that they were frivolous or failed to state a claim, where such dismissal orders were entered before Gasaway commenced the instant lawsuit on December 28, 2011.  See McCall, et al., v. Martinez, Civ. No. 3:10-CV-1121 (M.D. Pa.) and Gasaway v. Obama, Civ. A. No. 10-1979 (D.D.C.).

In their principal brief, Defendants do note that in January 2012, another district court dismissed a lawsuit that Gasaway brought on the grounds that it was frivolous, but this order was entered after Gasaway commenced the lawsuit before this Court.  (Doc. 22)  See Gasaway v. Williams, Civ. A. No. 8:2011-CV-00549 (N.D.N.Y.).  In their reply brief, Defendants have identified two other actions that were also dismissed after Gasaway filed the complaint in the instant action. (Doc. 27) See Gasaway v. Bureau of Prisons, Civ. A. No. 11-CV-1223 (N.D.N.Y. Apr. 3, 2012) and Gasaway v. Perdue, et al., Civ. A. No. 11-CV-1272 (N.D.N.Y. Apr. 9, 2012).[2] Because each of the dismissal orders in these cases was entered after Gasaway filed the lawsuit pending before this Court, we may not consider these dismissals as strikes for purposes of 28 U.S.C. § 1915(g).  Lopez v. U.S. Dep't of Justice, 228 F. App'x 218 (3d Cir. 2007) (citing Abdul-Akbar, 239 F.3d at 313 and Gibbs v. Ryan, 160 F.3d 160, 162-63 (3d Cir. 1998)).

We thus are constrained to find that Defendants have shown only that as of the date Gasaway initiated the lawsuit pending before this Court, he had only two civil actions dismissed as frivolous or for failure to state a claim.  As such, we must find at this time that Gasaway does not have three strikes for purposes of 28 U.S.C. §

---

[2] Defendants have attached slip copies of the dismissal orders in each of these cases as exhibits to the reply brief.  (Doc. 27, Exs.)

1915(g), and Defendants' motion must be denied.  Although we will deny Defendants' motion, we recognize that Gasaway has been a prodigious – and prodigiously unsuccessful – inmate in federal court, who has brought numerous lawsuits and habeas corpus petitions that appear to have been uniformly unsuccessful for various reasons.[3]  In part for this reason, we will deny Defendants' motion to

---

[3] Review of the Federal Judiciary's Public Access to Court Electronic Records ("PACER") Service indicates that over the past decade, including the current lawsuit, Gasaway has filed nearly 20 *pro se* prisoner civil actions in six different federal district courts.  See Gasaway v. Warden, FCI Allenwood, 11-CV-756, Petition (M.D. Pa. Dec. 28, 2011) (habeas petition); Gasaway v. Perdue, 11-CV-1272, Complaint (N.D.N.Y. Oct. 26, 2011) (pro se prisoner civil rights action); Gasaway v. Nicklin, 11-CV-0465, Judgment (N.D.N.Y. December 7, 2011) (dismissing action sua sponte as improperly pled as a habeas corpus proceeding rather than a civil rights action); Gasaway v. Bureau of Prisons, 11-CV-1223, Complaint (N.D.N.Y. Sept. 9, 2011); Gasaway v. Bureau of Prisons, 11-CV-1625, Complaint (D.D.C. Sept. 9, 2011); Gasaway v. Warden, FCI Allenwood, 11-CV-1970, Petition (M.D. Pa. July 5, 2011) (habeas petition); Gasaway v. Bonded Promissory Note, 11-CV-229, Petition (E.D. Tex. Apr. 18, 2011) (habeas petition); Gasaway v. Bonded Promissory Note, 1-CV-436, Petition (N.D.N.Y. Apr. 18, 2011) (habeas petition); Gasaway v. Obama, 10-CV-1979, Dismissal Order (D.D.C. Nov. 12, 2010) (dismissing civil action for failure to state a claim); Gasaway v. Martinez, 10-CV-1121, Memorandum & Order (M.D. Pa. Nov. 8, 2010) (Nealon, J.) (dismissing civil action for failure to state a claim); Gasaway v. United States of America, 10-CV-1563, Order (M.D. Pa. Sept. 14, 2010) (McClure, J.) (dismissing civil action sua sponte for failure to pay filing fee or petition for leave to proceed in forma pauperis); Gasaway v. Holder, 10-CV-1615, Memorandum (M.D. Pa. Sept. 10, 2010) (McClure, J.) (dismissing habeas petition sua sponte for failure to show entitlement to relief); Gasaway v. Holder, 09-CV-1687, Order (M.D. Pa. Oct. 15, 2009) (McClure, J.) (dismissing habeas petition for failure to show entitlement to relief); Gasaway v. United States of America, 09-CV-1711, Complaint (C.D. Cal. Mar. 11, 2009) (civil action); Gasaway v. USA, 07-CV-592, Order (Fed. Ct. Cl. Dec. 21, 2007) (dismissing civil

revoke without prejudice to Defendants' right to renew their motion if they discover one or more instances occurring before December 28, 2011, where courts have dismissed Gasaway's prior lawsuits on grounds that would constitute a strike under § 1915(g).

### III. ORDER

Accordingly, IT IS HEREBY ORDERED THAT Defendants' motion to revoke Plaintiff's *in forma pauperis* status is DENIED without prejudice to renew in the event Defendants discover one or more instances occurring prior to December 28, 2011, where courts have dismissed Plaintiff's prior civil actions on grounds that would constitute a strike under 28 U.S.C. § 1915(g).

*/s/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge

Dated: May 11, 2012

---

action for failure to prosecute); Gasaway v. United States of America, 02-CV-403, Memorandum Opinion (E.D. Tex. June 25, 2002) (dismissing pro se action to vacate, set aside, or correct a sentence sua sponte as barred by the statute of limitations).